IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PAMELA J. STILES, | ) | CASE NO. 1:08 CV 2692 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| Defendant. | ) | |

## Introduction

This is an action for judicial review of the final decision of the Commissioner of Social Security denying the application of the plaintiff, Pamela J. Stiles, for disability insurance benefits.

The Administrative Law Judge ("ALJ"), whose decision became the final decision of the Commissioner, found that Stiles had severe impairments consisting of hearing disorder, chronic tennitus, irritable bowel syndrome, GERD, and back pain.[1]  The ALJ determined that Stiles had following residual functional capacity:

> After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform light work except for lifting more than 20 pounds maximum occasionally and 10 pounds maximum frequently.  She can only occasionally climb ramps or stair.  She can only occasionally balance, stoop, kneel, crouch or crawl.  She can never climb ladders, ropes or scaffolds.  She cannot work

---

[1] Transcript ("Tr.") at 19.

around heights or move machinery.  She needs ready access to a restroom.  No work in areas where voice communication is essential.[2]

Given that residual functional capacity, the ALJ determined that Stiles was unable to perform her past relevant work.[3]

Based on a hypothetical question posed to the vocational expert at the hearing incorporating the above-quoted residual functional capacity finding, the ALJ decided that a significant number of jobs existed locally and nationally that Stiles could perform.[4]  He, therefore, found Stiles not under a disability.[5]

Stiles asks for reversal of the Commissioner's decision on the ground that it does not have the support of substantial evidence in the administrative record.  Specifically, Stiles asserts two issues for decision on judicial review:

- Whether the decision's finding at step five concerning the ability to adapt to other work is supported by substantial evidence where the decision found Stiles was limited to, among other restrictions, work that allowed "ready access to a restroom" and "no work in areas where voice communication is essential" and one vocational expert testified that such limitations would preclude work?

- Whether the decision committed remandable error because the ALJ never mentioned the opinion of treating psychiatrist Dr. Ahn and gave no reason for disregarding that opinion?

---

[2] *Id.* at 20.

[3] *Id.* at 23.

[4] *Id.* at 24.

[5] *Id.* at 25.

I recommend that the Commissioner's decision be remanded for reconsideration of the residual functional capacity finding with the assessment of weight to be given Dr. Ahn's opinion and good reasons stated for the weight so assigned.  If this case is remanded, the ALJ should also reconsider the decision at step five of the sequential evaluation process based upon a clear and proper hypothetical posed to the vocational expert and an unambiguous answer in response.

## Analysis

### 1.    Standard of review and burden of proof

The Sixth Circuit in *Buxton v. Halter* reemphasized the standard of review applicable to decisions of the ALJs in disability cases:

> Congress has provided for federal court review of Social Security administrative decisions. 42 U.S.C. § 405(g). However, the scope of review is limited under 42 U.S.C. § 405(g): "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive...." In other words, on review of the Commissioner's decision that claimant is not totally disabled within the meaning of the Social Security Act, the only issue reviewable by this court is whether the decision is supported by substantial evidence. Substantial evidence is " 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' "

> The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. This is so because there is a "zone of choice" within which the Commissioner can act, without the fear of court interference.[6]

---

[6] *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) (citations omitted).

-3-

Viewed in the context of a jury trial, all that is necessary to affirm is that reasonable minds could reach different conclusions on the evidence.  If such is the case, the Commissioner survives "a directed verdict" and wins.[7]  The court may not disturb the Commissioner's findings, even if the preponderance of the evidence favors the claimant.[8]

I will review the findings of the ALJ at issue here consistent with that deferential standard.

At issue here are the findings of the ALJ as to Stiles's residual functional capacity at step four and the finding that there is work available in the economy that Stiles could perform at step five.  Stiles has the burden of proving her residual functional capacity, but the Commissioner has the burden of proving that work is available in sufficient numbers that Stiles could perform.[9]

The relevant evidence from the administrative record will be discussed in detail as part of the following analysis.

**2.      The application before the Court on judicial review**

Stiles in her brief represents that the only application on review in this case is the application for disability insurance benefits.[10]  At the oral argument, however, her counsel

_____

[7] *LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d 839, 840 (6th Cir. 1986); *Tucker v. Comm'r of Soc. Sec.*, No. 3:06cv403, 2008 WL 399573, at *6 (S.D. Ohio Feb. 12, 2008).

[8] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).

[9] *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391-92 (6th Cir. 1999).

[10] ECF # 17 at 2 n.1.

argued that this Court should review both her disability insurance benefits and supplemental security income applications.

Stiles did file both an application for disability insurance benefits and an application for supplemental security income.  The agency initially denied the supplemental security income application, and Stiles sought reconsideration.  For reasons not apparent from the record, the local Social Security office did not receive the request.[11]  As of July, 2009, however, the request has been resubmitted with directions that it be decided.[12]

The ALJ did say at the hearing that he would reopen the supplemental security income application.[13]  His decision, however, addresses only the disability insurance benefits application.

Because the supplemental security income is still under consideration at the agency level and the record, therefore, is not complete, this Court should address only the disability insurance benefits application and the Commissioner's denial thereof.

It should be noted, however, that the relevant time frame for this application is extremely short.  Stiles claims an outset date of January 24, 2000, and the date last insured is March 31, 2000.[14]

---

[11] ECF # 15-3, at 2-3.

[12] *Id.*

[13] Tr. at 554.

[14] ECF # 11.

3.    **The ALJ's failure to discuss the opinion of the treating psychiatrist, Byong Ahn, M.D.**

Stiles's treating psychiatrist, Byong Ahn, M.D., provided a residual functional capacity opinion that included marked and moderate mental limitations.[15]  Although Dr. Ahn began treating Stiles in September of 2005 and rendered his opinion in January of 2006, he opined that the onset of the limitations began in Stiles's mid-teen years.[16]

The Commissioner concedes that the ALJ failed to even mention Dr. Ahn in his decision.  He, therefore, assigned that opinion no weight and gave no reasons for disregarding the opinion.  This is a clear violation of the agency's regulations.[17]

The Commissioner argues, nevertheless, that this clear error was harmless and the denial of benefits should be affirmed.

As the Sixth Circuit stated in *Bowen v. Commissioner of Social Security*,[18] the harmless error exception to the regulation's requirements that weight be assigned to a treating physician's opinion and good reasons given for the weight assigned is a narrow one.  This is particularly true where the ALJ fails to address the opinion of a treating physician.[19]  The

---

[15] Tr. at 462-65.

[16] *Id.* at 465.

[17] *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546 (6th Cir. 2004); *Cross v. Comm'r of Soc. Sec.*, 373 F. Supp. 2d 724, 729-31 (N.D. Ohio 2005).

[18] *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742 (6th Cir. 2007).

[19] *Id.* at 746-50.

*Bowen* court emphasized that "... the harmless-error inquiry required more than a showing that the claimant simply had little chance of winning on the merits."[20]

The Commissioner bases his harmless error argument on the temporal disconnect between the relevant time period of the application at issue and Dr. Ahn's opinion.  It is true that Dr. Ahn gave his opinion almost six years after the onset date.  On this record, however, this is not dispositive.  Dr. Ahn opined that the limitations had their onset in Stiles's mid-teen years.[21]  Furthermore, the record does show that Stiles was being treated for depression in 1998,[22] and the medical expert who testified at the hearing, Malcomb Brahms, M.D., stated that Stiles had psychological impairments[23] and psychiatric problems.[24]  On this record, therefore, the ALJ cannot be excused for ignoring the opinion of the treating psychologist.

**4.  The finding at step five that a significant number of jobs existed locally and nationally that Stiles could perform**

The ALJ included in the residual functional capacity finding the need for ready access to a restroom and no work in areas where voice communication is essential.[25]  In two hearings, he consistently incorporated these limitations into the hypotheticals posed to two

---

[20] *Id.* at 747, citing *Wilson*, 378 F.3d at 546.

[21] Tr. at 465.

[22] *Id.* at 469.

[23] *Id.* at 567.

[24] *Id.* at 569.

[25] *Id.* at 20.

vocational experts.[26]  The vocational expert at the first hearing, Ted Macy, initially opined that, with these limitations, Stiles could still do some jobs that existed in sufficient numbers locally and nationally.[27] On cross-examination, however, he backed away from that opinion. He testified that he would not swear under oath that the number of jobs identified would remain given the limitations imposed.[28]

At the second hearing, the vocational expert, Kathleen Reis, testified that, given the bathroom and hearing limitations, there would be no jobs in the national or regional economy.[29] The hypothetical was blurred by questioning of the claimant in the middle of the vocational expert's testimony whereby the ALJ made the statement that Stiles would be spending an hour or more a day in the restroom.[30]  It is not clear, however, whether that specific limitation was incorporated into the hypothetical with reference to ready access to the restrooms.[31]

The Commissioner argues that Macy's testimony, in the main, supports a finding of no disability at step five and that ready access to the restroom, defined as an hour or more

---

[26] *Id.* at 586, 623-24.

[27] *Id.* at 587-88.

[28] *Id.* at 590.

[29] *Id.* at 625.

[30] *Id.* at 624.

[31] *Id.* at 624-25.

a day in the restroom, has no support in the record.  Accordingly, Reis's opinion as to no jobs existing can be disregarded.

As stated above, the Commissioner has the burden at step five.  It does not appear that the equivocal testimony of Macy or the confusion over the hypothetical posed to Reis result in a record that can support the ALJ's finding at step five.  In any event, if this case is remanded for reconsideration of the residual functional capacity finding to take into consideration Dr. Ahn's opinion, then the ALJ should reconsider the step five finding based on a proper hypothetical and unequivocal testimony of a vocational expert.

## Conclusion

Based on the foregoing analysis, I recommend that the Commissioner's decision denying the application for disability insurance benefits be reversed and that the case be remanded with instructions to:

- reconsider the residual functional capacity finding after consideration of and proper articulation as to the opinion of the treating psychiatrist, Dr. Ahn, and

- reconsideration of the step five finding based on a proper hypothetical to the vocational expert and unequivocal testimony in response thereto.

Dated:  September 17, 2009                    s/ William H. Baughman, Jr.
                                              United States Magistrate Judge

**Objections**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the District Court's order.[32]

---

[32] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).