IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PAMELA J. STILES, | ) | CASE NO. 1:08 CV 2692 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| COMMISSIONER OF SOCIAL SECURITY, | ) ) | |
| | ) | **REPORT & RECOMMENDATION** |
| Defendant. | ) | |

## Introduction

This matter comes before me on referral[1] for report and recommendation on the motion of the plaintiff, Pamela Stiles, for attorney's fees under the Equal Access to Justice Act ("EAJA").[2] The Commissioner has filed an opposition to that motion,[3] and Stiles has replied.[4]

I issued a report and recommendation recommending reversal and remand because the ALJ failed to consider and articulate with respect to the opinion of a treating psychiatrist, Dr. Ahn, and made an erroneous finding at step five based on an inadequate record.[5] The

---

[1] ECF # 31.

[2] ECF # 23.

[3] ECF # 25.

[4] ECF # 26.

[5] ECF # 19.

Commissioner filed a response stating that he would file no objection to this report and recommendation.[6] Thereafter, Judge Gaughan issued a memorandum opinion and order accepting the report and recommendation and remanding the case.[7]

## Applicable Law

In its decision in *Howard v. Barnhart*,[8] the Sixth Circuit succinctly summarized the standards governing the disposition of a motion for attorney's fees under the Equal Access to Justice Act:

> The Equal Access to Justice Act "departs from the general rule that each party to a lawsuit pays his or her own legal fees." *Scarborough v. Principi*, 124 S. Ct. 1856, 1860 (2004). The Act requires the payment of fees and expenses to the prevailing party in an action against the United States, unless the position of the United States was substantially justified. *Id.*; 28 U.S.C. § 2412(d)(1)(A). On appeal, Howard challenges the district court's conclusion that the Commissioner's position was substantially justified. We must determine whether the district court abused its discretion in so concluding. *Pierce v. Underwood*, 487 U.S. 552, 562 (1988).
>
> A position is substantially justified when it is "'justified in substance or in the main' – that is, justified to a degree that could satisfy a reasonable person." *Pierce*, 487 U.S. at 565. Stated otherwise, a position is substantially justified when it has a "reasonable basis both in law and in fact." *Id.* The fact that we found that the Commissioner's position was unsupported by substantial evidence does not foreclose the possibility that the position was substantially justified. *See id.* at 569; *Jankovich v. Bowen*, 868 F.2d 867, 870 (6th Cir. 1989). Indeed, "congress did not . . . want the 'substantially justified' standard to 'be read to raise a presumption that the Government position was not substantially justified simply because it lost the case. . . .'" *Scarborough*,

---

[6] ECF # 20.

[7] ECF # 21.

[8] *Howard v. Barnhart*, 376 F.3d 551 (6th Cir. 2004).

124 S. Ct. at 1866 (quoting *Libas, Ltd. v. United States*, 314 F.3d 1362, 1365 (Fed. Cir. 2003).[9]

The recent decisions of this Court in *Carter v. Astrue*[10] and *Sabo v. Astrue*[11] provide useful guidance in deciding if the position of the Commissioner was "substantially justified." Those decisions are incorporated herein by reference. From these authorities I derive the certain guidelines for gauging "substantial justification:"

- The position of the Commissioner is without substantial justification if the ALJ selectively sifts the evidence in denying benefits.[12]

- The position of the Commissioner is not substantially justified if the error committed by the ALJ consists of a violation of the Commissioner's regulations.[13]

- Remands based on articulation errors usually do not result in EAJA awards, whereas remands because of the failing of the record to support the disability decision do.[14]

---

[9] *Id.* at 553-54 (footnote omitted).

[10] *Carter v. Astrue*, No. 1:09-CV-667, 2011 WL 722774, *2 (N.D. Ohio Feb. 23, 2011) (Gwin, J.).

[11] *Sabo v. Astrue*, 1:06-CV-2723 (ECF # 39), at 3-4, 7-11 (N.D. Ohio May 20, 2010) (O'Malley, J.).

[12] *Id.* at 4, 8, citing *Howard*, 376 F.3d at 553.

[13] *Id.* at 7; *Simpson v. Astrue*, No. 3:09-CV-143, 2010 WL 5088125, at *2 (S.D. Ohio Nov. 17, 2010) (failure to following regulations on the "treating physician rule"); *Falconi v. Comm'r of Soc. Sec.*, No. 1:08-CV-622, 2010 WL 1882270, at *2 (S.D. Ohio Apr. 13, 2010) (failure to follow regulations requiring good reasons in assigning weight to the opinions of treating sources).

[14] *Carter*, 2011 WL 722774, at *2.

**Analysis**

Here the remand rests on the ALJ's failure to mention or provide any articulation with respect to the opinion of Dr. Ahn, a treating psychiatrist. This constitutes a violation of the Commissioner's regulations requiring the assignment of weight to the opinions of treating sources and a statement of "good reasons" for the weight assigned. And, as stated in the report and recommendation, the record at step 5 does not support the finding that a significant number of jobs existed locally or nationally that Stiles could perform. The record references relied on by the ALJ constitute a selective sifting of the evidence that overlook the reality that the testimony of the two vocational experts, taken as a whole, do not support the step 5 finding.[15] The Commissioner's decision, therefore, was not substantially justified, and the Court should grant Stiles's EAJA application.

The Commissioner does not contest the amount of fees and expenses sought by that application – $3,207.23 in fees and $29 in expenses. I have reviewed the exhibits submitted in support of those amounts and find the amounts requested reasonable. The Court should, therefore, award fees and expenses in those amounts.

---

[15] ECF # 19 at 7-9.

## Conclusion

Based on the foregoing analysis, I recommend that the Court grant Stiles's application for fees and expenses under EAJA and award Stiles fees and expenses in the amount set forth in that application.

Dated:  March 30, 2011                                              s/ William H. Baughman, Jr.
                                                                                         United States Magistrate Judge

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the District Court's order.[16]

---

[16] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).